FILED
United States Court of Appeals
Tenth Circuit

August 29, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS MANUEL LECHUGA-
CARILLO,

Defendant-Appellant.

No. 08-2016

District of New Mexico

(D.C. No. 07-CR-2092-WJ)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Jesus Manuel Lechuga-Carrillo, a native and citizen of Mexico, pleaded

guilty to a one-count information charging him with a violation of 8 U.S.C. §

1326(a)(1), (a)(2), and (b)(2), reentry of a removed alien previously convicted of

a felony. He was sentenced to six months in prison, below the advisory range

under the United States Sentencing Guidelines. He timely appealed his sentence.

His counsel, James Baiamonte, filed an *Anders* brief and moved to withdraw as

counsel. *See Anders v. California*, 386 U.S. 738 (1967). Mr. Lechuga-Carrillo

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

did not file a response. The government declined to submit a brief. Because we find that neither Mr. Lechuga-Carrillo nor his counsel raises any non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

## I. Discussion

Under *Anders*, a court-appointed defense counsel who believes that any appeal would be "wholly frivolous" may request permission to withdraw, upon submission of a brief to the client and the court indicating "anything in the record that might arguably support the appeal." *Id.* at 744. If we conclude, after a full examination of the record before us, that the appeal is frivolous, we may grant the motion to withdraw and dismiss the appeal. *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

Counsel's *Anders* brief notes one possible basis for appeal. Counsel suggests that although Mr. Lechuga-Carrillo received a below-Guidelines sentence, he "could argue that his sentence was unreasonable and that the district judge did not adequately consider the statutory concerns other than the advisory guidelines expressed in 18 U.S.C. § 3553(a)." Aplt's Br. 6.

The transcript of the sentencing hearing and the presentence report ("PSR") adopted by the court establish that the court's sentence was procedurally proper. The court fully considered "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), and

understood the advisory nature of the guidelines, as demonstrated by its conclusion that a below-Guidelines sentence was warranted in this case.

After *Gall v. United States,* 128 S. Ct. 586 (2007), we review the substantive reasonableness of a district court's sentencing decisions, whether inside or outside the Guidelines, under a "deferential abuse-of-discretion standard." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008) (quoting *Gall*, 128 S.Ct. at 591). A district court may, in its discretion, conclude that a non-Guidelines sentence best serves the purposes of sentencing under § 3553(a), on the condition that it "provide[s] reasoning sufficient to support the chosen variance." *Smart*, 518 F.3d at 807.

In this case, nothing suggests that Mr. Lechuga-Carrillo's sentence is unreasonable. At sentencing, the district court accepted the Guidelines calculation in Mr. Lechuga-Carrillo's PSR, which correctly determined that Mr. Lechuga-Carrillo's total adjusted offense level was ten. That offense level reflected a base level of eight, *see* U.S.S.G. § 2L1.2(a), a four-point enhancement because Mr. Lechuga-Carrillo had previously been deported following a felony conviction, *see* U.S.S.G. § 2L1.2(b)(1)(D), and a two-point adjustment for Mr. Lechuga-Carrillo's acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Mr. Lechuga-Carrillo's criminal history category was II, owing to his prior felony conviction in Alabama for possession of a forged instrument and a warrant that

remained outstanding at the time of his arrest. Accordingly, Mr. Lechuga-Carrillo's Guidelines range was eight to fourteen months' imprisonment.

The district court sentenced Mr. Lechuga-Carrillo to only six months' imprisonment. In so doing, it adopted a finding made in the PSR that Mr. Lechuga-Carrillo's criminal history category was over-represented by his outstanding warrant, which resulted from his failure to pay a court-ordered fine in connection with a prior felony conviction. This warrant, however, was quashed when the district attorney was informed that the defendant had been deported following the initial conviction. Had the warrant not been issued, Mr. Lechuga-Carrillo would not have been under a criminal justice sentence when he illegally reentered the United States, *see* U.S.S.G. § 4A1.2(m), and would therefore not have received two points on his criminal history score, *see* U.S.S.G. § 4A1.1. As a result, the PSR recommended and the district court concluded that a criminal history category of I was more reflective of Mr. Lechuga-Carrillo's criminal history. This suggested a Guidelines range of six to twelve months. Mr. Lechuga-Carrillo was sentenced at the bottom of this range.

Given that the district court provided reasoning sufficient to support its downward departure in this case, we see no plausible grounds for arguing that imposing an already below-Guidelines sentence was beyond the district court's discretion.

## II. Conclusion

Finding no non-frivolous arguments on appeal, we **GRANT** counsel's motion to withdraw. The appeal from the judgment of the United States District Court for the District of New Mexico is **DISMISSED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge